UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:16-69-KKC |
|---|---|
| Plaintiff, | |
| v. | OPINION AND ORDER |
| DAVID ANTHONY LONG, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant David Anthony Long's motions requesting his release from prison and to appoint counsel. (DE 97.) On August 21, 2017, Long pleaded guilty to possession with the intent to distribute 50 grams or more of a mixture containing methamphetamine. (DE 72; DE 23.) This Court sentenced Long to 210 months of imprisonment on December 5, 2017. (DE 88.) His projected release date is February 1, 2033. Long is currently incarcerated at USP Terre Haute.

Long now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." To support his motion, Long argues that he has recently contracted COVID-19, and he "will need treatment for the long term effects of the virus that would be better provided by a V.A. Hospital than a prison." (DE 97 at 1-2.) He also claims that he has underlying conditions that make him "more prone to the dangers of COVID-19," including obesity and asthma. (*Id*. at 1.) Long also maintains that USP Terre Haute has failed to stop the spread of COVID-19 within the prison. (*Id*. at 2.) For the following reasons, Long's motions are denied.

1

## I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the Government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the Government has explicitly stated that it will not invoke the mandatory condition and instead, has requested that the Court deny Long's motion on the merits. (DE 99 at 3.) Therefore, the Court will consider Long's motion on the merits.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on the defendant's own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the Section 3553(a) factors weigh in favor of release.

Here, the Court expresses doubt that Long's reasons for release reach the requisite level of extraordinary and compelling as to warrant a sentence reduction, given that Long already contracted COVID-19 with minimal symptoms (*see* DE 101-1 at 14, 32, 58), fully recovered from COVID-19 (*id.* at 14), and faces a low risk of reinfection[1]. Further, USP Terre Haute does not currently have any active COVID-19 cases, and thus far, approximately 1,345 inmates in the facility have already received COVID-19 vaccinations.[2] However, assuming that the presence of COVID-19 in a prison setting does create extraordinary and compelling circumstances, the Court must still consider whether "the factors set forth in Section 3553(a)

---

[1] *See Reinfection with COVID-19*, Centers for Disease Control and Prevention (Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.
[2] *BOP: COVID-19 Update*, Federal Bureau of Prisons (June 17, 2021, 3:00 PM), https://www.bop.gov/coronavirus/.

3

to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The Section 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court previously considered these factors in sentencing Long and has reconsidered these factors for the purposes of this motion. The nature and circumstances of Long's crimes are serious. Long admitted to possessing over 50 grams of a mixture containing methamphetamine with the intent to distribute it. (*See* DE 72; DE 23.) Long's criminal history is extensive, consisting of several drug convictions and convictions for criminal trespass and firearm possession. (PSR ¶¶ 32-40.) Three of Long's previous convictions related to the possession and manufacture of methamphetamine. (*Id.* ¶¶ 34, 39-40.) Long was also arrested three additional times for other methamphetamine-related charges. (*Id.* ¶¶ 49-51.) Long's drug trafficking offense alone suggests that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir.

4

2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Based upon the record before it, the Court cannot find that Long would not pose a danger to the community if he were to be released.

The guideline range for Long, as established under the sentencing guidelines, was 262 months to 327 months, but Long was only sentenced to 210 months. (PSR ¶ 72; DE 88.) Therefore, Long was sentenced below the sentencing guideline range. To date, Long still has over 11 years left to serve on his sentence. Considering the need for Long's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

To the extent that Long asserts that USP Terre Haute has failed to stop the spread of COVID-19 (DE 97 at 2), this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

Finally, the Court will deny Long's motion for appointment of counsel. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, Criminal Action No. 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, Criminal Action No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). The Court finds

that denial of Long's § 3582 motion is appropriate; therefore, there is no reason to appoint him counsel.

### III.

Accordingly, in consideration of the Section 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Long's release at this time. The Court hereby ORDERS that Defendant David Anthony Long's motions for compassionate release and to appoint counsel (DE 97) are DENIED.

Dated June 22, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY